EASTERN DIS.
*April,* 1833.
═══════
DELOGNY
ET ALS.
*vs.*
DIXON,
CURATOR, ETC.

The claim of D. C. Williams, for the whole amount of the judgment obtained by him against Weinprender was properly rejected; the note having been endorsed to them by Trouard to secure a less sum owing by the latter, his claim of privilege cannot equitably be extended beyond the amount to be secured, and in concurrence with the other transferees, which seems to have been decreed by the court below.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

═══════

### DELOGNY ET ALS. *vs.* DIXON, CURATOR, &c.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

A petitory action cannot be sustained unless the pleadings or evidence show the defendant in actual possession of the property claimed.

This was a petitory action to recover two lots of ground, situated in faubourg La Course, in the Parish of New-Orleans, alleged to be in the defendant's possession. He pleaded the general denial, and that he was not in possession of the lots. No evidence that he was in possession was adduced on the trial. Judgment was rendered for the defendant, from which the plaintiff appealed.

MARTIN, J. delivered the opinion of the court.

The plaintiffs having during the life of Smith, recovered from him an undivided half of certain lots of ground, by a final judgment which refuses to them the faculty of enforcing their claim to the other half, demanded by the present suit from his curator, the surrender of this remaining half.

EASTERN DIS.
*April*, 1833.

DELOGNY
ET ALS.
*vs.*
DIXON,
CURATOR, ETC.

The defendant pleaded the general issue, and especially denied his possession or detention of the premises, or any part of them with his knowledge, of their having belonged to Smith, except so far as appeared from the proceedings in the suit, referred to in the plaintiffs' petition, and an entry in Smith's books, stating he had parted with the possession of them to Fitz Williams, his vendor, averred that in consequence of this they had not been inventoried as part of his estate, the curator believing they did not belong thereto, and the estate was without any interest therein. Wherefore, he prayed to be dismissed with his costs. He, however, further prayed, that should it appear the estate had any interest in the premises, a reference might be had to the proceedings in the suit already mentioned, and the estate might have such relief and remedy as had been asked by Smith in his answer in the said suit.

The District Court gave judgment for the defendant, and the plaintiffs appealed.

Their counsel has contended in this court that the record of the suit against Smith, shows he was in possession; he has urged the lots are unimproved and vacant, that Smith's *civil* possession, with all his other rights vested in the defendant, in whom it must be presumed still to continue, and his prayer shows his intention not to abandon any right which the estate may have in the premises. That Smith's heirs are absent, and if no recovery can be had in the present suit, the plaintiffs are remediless.

It does not appear that the first judge erred. This is a petitory action which must be brought against the person "in the *actual possession* of the immoveable." *Code of Practice*, 43. The defendant denies his possession of any kind, and his knowledge of any right of Smith therein, at the time of his death, &c. It is true, that after praying to be dismissed, he goes further, and prays that should it appear that Smith's estate has any interest in the premises, which he does not pretend, it may have certain relief or remedy. He avers, that in his belief no such interest exists.

A petitory action cannot be sustained, unless the pleadings or evidence show the defendant in actual possession of the property claimed.

The plaintiffs, in our opinion, have mistaken their remedy, but it is not our province to point out the proper mode for the enforcement of their claim.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed with costs.

*Slidell*, for appellants.

*Schmidt*, for appellee.