PINNELL ET AL. *vs.* SCRIBER'S ADMINISTRATOR.

PINNELL ET AL.
 . *vs.*
SCRIBER'S ADM'R

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF OUACHITA.

The administrator is responsible for any sum falling to the estate of the deceased, by inheritance, after his death, and which comes into the hands of the administrator, even after the inventory is taken; and he is also entitled to his commissions on the same.

But where the administrator surrenders a claim in favor of the deceased, on his father's estate, to his widow, and omits to place it in his account of administration, he will not be allowed to present a second account including this item, with his full commission charged thereon.

Where the court is unable from the evidence, to strike a final balance, in the settlement of an administrator's account, the case will be remanded for a new trial.

The plaintiffs, who are the widow and her second husband, as co-tutor of the minor child, and sole heir of the deceased, John S. Scriber, made opposition on various grounds, to the administrator's account.

The defendant filed his final tableau and account of the administration of the decedent's estate, and prayed that it be homologated, his bond cancelled and he discharged. In making up his account he debited himself with the amount of the inventory three thousand five hundred and thirty-three dollars, and also with the sum of ten thousand seven hundred and ninety-five dollars, as the portion coming to the decedent from his deceased father who had died before him, and which is put down as coming into the hands of the administrator, on a partition among the heirs. These items were also accounted for and credited to the estate, but full commissions of two and a half per cent. were charged thereon. The account showed a balance due the administrator of ten hundred and fifty dollars, for which he prayed judgment.

The plaintiffs oppose the allowance of commissions on these two items; first, because the estate is not fully administered, and commissions can only be allowed on such sums as were actually collected or received, and paid over; and second, because the portion inherited by J. S. Scriber, de-

WESTERN DIST.
Oct. 1838.

PINNELL ET AL.
vs.
SCRIBER'S ADM'R

ceased, from his father, never came into the defendant's hands, as administrator of J. S. Scriber, but that he received it on a partition, and it was collected from him on an execution, and never made a part of the inventory of the estate he administers.

The plaintiffs then allege, that the estate is not yet fully administered, and another administrator will have to be appointed. They annex a statement of an account of the estate, and after allowing commissions on the amount actually administered, they claim a balance from the administrator of five hundred and forty-seven dollars and ninety-nine cents, for which they pray judgment.

The evidence showed, that commission was charged by the administrator, on the sum of fourteen thousand eighty-two dollars and seventy-two cents, when only seven hundred and fifty-four dollars and forty-five cents of this sum, was actually administered by him.

There was a claim of ten thousand seven hundred and ninety-five dollars, included in this sum, which the deceased had on his father's estate, but which was never received by the administrator, although it was mentioned in the inventory. It was surrendered by the administrator to the widow and heirs of the deceased.

This item was not included in the first account rendered by the administrator, but was put in a second. It was strenuously opposed. After hearing the evidence and explanations of counsel, the judge of probates allowed the account, homologated it, and gave judgment for the balance claimed by the administrator. The plaintiffs, in opposition, appealed.

*Downs* and *Hyams*, for the plaintiffs, in opposition.

Commissions are erroneously allowed on the sum of ten thousand seven hundred and ninety-five dollars, which never came into the administrator's hands. It was a mere expectancy of the deceased on his father's estate, and was surrendered up a few months afterwards to the widow and heirs. The administrator cannot charge commission on effects

WESTERN DIST.
Oct. 1838.

PINNELL ET AL.
vs.
SCRIBER'S ADM'R

returned, although put in the inventory. *Louisiana Code,* 1182, 1187, 1062, 1677. 9 *Louisiana Reports,* 306.

*M'Guire,* contra.

*Bullard, J.,* delivered the opinion of the court.

The appellee, as administrator of the estate of J. S. Scriber, presented his account to the Court of Probates, and its homologation was opposed on several grounds by the appellants, who have appealed from a judgment by which their opposition was disregarded.

The administrator is responsible for any sum falling to the estate of the deceased by inheritance after his death and which comes into the hands of the administrator, even after the inventory is taken, and he is also entitled to his commission on the same.

The first item objected to in the account opposed, is the commission charged by the administrator on a sum of ten thousand seven hundred and ninety-five dollars and two cents, which, it is contended, never came into his hands as administrator, but that it was received from the estate of their father.

It appears from the inventory of the estate administered by the appellee, that a claim of the deceased, to a portion of his father's estate, is mentioned, but the amount was not at that time ascertained. If the amount charged, passed through his hands afterwards, and he was legally responsible for it, and had a right to receive it as administrator, he had, in our opinion, a right to be paid commissions upon the amount.

But where the administrator surrenders a claim in favor of the deceased on his father's estate, to his widow, and omits to place it in his account of administration, he will not be allowed to present a second account including this item, with his full commission charged thereon.

The record shows, that after the appointment of the appellee as administrator of J. S. Scriber's estate, he surrendered to the widow, the present appellant, most of the property mentioned in the inventory, and among the rest the unsettled claim of the deceased upon his father's succession. He afterwards presented his account to the Court of Probates, which he prayed might be approved and homologated, and in which no mention is made of the item of ten thousand seven hundred and ninety-five dollars, and no commission is charged on that amount. The presenting of the present account appears to have been, as relates to that item, an after thought. Whether under these circumstances the administrator be now authorized to charge these commissions, was a

question presented to the court below, and decided in favor of the administrator.

We are unable to concur in this conclusion of the Court of Probates. We are of opinion, that this item of the account, ought to have been rejected, and the opposition sustained.

The evidence in the record, does not enable us to strike a final balance, and in our opinion, justice requires that the case should be remanded for a new trial.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates, be annulled, avoided, and reversed ; and it is further ordered, that the case be remanded for a new trial, and that the appellee pay the costs of appeal.

WESTERN DIST.
· *Oct.* 1858.

