JAMES PINNELL, Tutor, and another, *v.* BENNA SCRIBER, Adm'r.

The provision of the Code of Practice requiring the testimony of witnesses before the courts of probate to be taken in writing, does not give such testimony a higher character than other parol evidence reduced to writing in the form of a deposition; and can never be used when the attendance of the witnesses can be procured.

APPEAL from the Court of Probates for the parish of Ouachita, *Lamy*, J.

*Garrett*, for the plaintiffs and appellants.

*McGuire*, for the appellee.

BULLARD, J. This case was before us on a former occasion,

and was then remanded for a new trial, this court having decided upon a question of commissions only. · See 12 La. 608.

.The heir at law has again appealed from a judgment allowing a balance due to the late administrator, whose account had been opposed on several grounds. Her counsel has called our attention to a bill of exceptions in the record upon which he relies, and from which it appears, that upon the new trial the judge permitted the testimony taken on the former trial to be read, although opposed on the ground that the witnesses were still living in the parish, and ought to be re-examined, and that the trial being *de novo* all testimony must be introduced anew ; but the court was of opinion that it might be used as recorded *edivence* regularly taken, stating at the same ·time that the parties were at liberty to introduce the same witnesses and go over the same ground again if they thought proper. We are of opinion that the court erred; no good reason *suggests itself to our minds why this should form an exception to* the general rule. It is true the Code requires that the evidence shall be taken in writing in the court of probates, but we think it does not thereby acquire a higher character as evidence than other parol evidence reduced to writing in the form of depositions, which clearly cannot be used when the attendance of the witness can be procured. 6 Martin N. S. 353 ; 5 La. 356.

But we do not regard the error thus committed by the court so important in this case as to make it necessary to remand the cause. The written evidence in the record together with the testimony adduced on the last trial, are sufficient upon the only points in controversy, independantly of the parol evidence taken on the former trial, to enable us to render a final judgment.

Three items only were contested. 1st. Two hundred and twenty-eight dollars for bagging and rope used by the administrator, for which it is contended he is bound to account. 2d. A sum of one thousand dollars which it is argued was improperly allowed as per receipt of the deceased: and 3d. The fee of counsel for attending to the settlement of the accounts.

I. The evidence appears to us to authorize the charge of two hundred and twenty-eight dollars for bagging and rope, &c., used by the administrator and belonging to the estate. This charge is

supported by the written acknowledgment of the defendant in the record.

II. The sum of one thousand dollars was, in our opinion, properly allowed the administrator as a credit. Admitting that the parol evidence to explain the receipt given by J. L. Scriber was incorrectly received, whether that sum was taken from the crop on their father's estate, or from that of the accountant, appears to us quite immaterial. If the crop spoken of be taken to be that of Abraham Scriber, the father, of whose estate the defendant was administrator, we are to suppose that he had accounted to the heirs for that part of the crop, and consequently the heir who received it is accountable to him; *à fortiori*, if it was taken from his own crop.

III. We are of opinion also, that two hundred and fifty dollars was properly allowed for the services of counsel.

The judgment must be reformed so far as it relates to the two hundred and twenty-eight dollars.

The judgment of the court of probates is therefore reversed, and proceeding to render such judgment as in our opinion should have been given in the court below; it is further adjudged and decreed that the account rendered by the administrator as herein amended, be confirmed and homologated, and that he recover of the appellant the balance of his account, to wit: the sum of seven hundred and forty-four dollars and thirty-seven cents, with costs in the court below, and that those of the appeal be paid by the appellee.